Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| NELSON GONZÁLEZ VEGA<br><br>Apelado<br><br>v.<br><br>GLADYS GONZÁLEZ VEGA Y OTROS<br><br>Apelante | TA2026AP00240 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: AG2022CV00246<br><br>Sobre:<br>División o Liquidación de la Comunidad de Bienes Hereditarios |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 15 de abril de 2026.

Comparece la señora Gladys González Vega mediante recurso de apelación y solicita que revoquemos la *Sentencia Parcial* del Tribunal de Primera Instancia, Sala Superior de Aguadilla, emitida el 8 de diciembre de 2025. En dicho dictamen, se desestimó la reconvención de la apelante. Por los fundamentos que expresaremos, confirmamos la *Sentencia Parcial* recurrida.

El 10 de noviembre de 2021, la señora González Vega, el señor Nelson González Vega y la esposa de este, la señora Guillermina Cruz Vélez, otorgaron la Escritura Núm. Cien (100) de Cesión de Derechos y Acciones Hereditarias. En consecuencia, la apelante cedió a su hermano todo derecho, interés o participación en su carácter de heredera en cuanto a una propiedad localizada en el Barrio Palmar en el Municipio de Aguadilla, de sus padres fallecidos. Dicha cesión se

efectuó por la cantidad de cinco mil ($5,000.00) dólares, cuya suma la apelante manifestó haber recibido con anterioridad a la otorgación de la escritura pública.

E 28 de febrero de 2022, el señor Nelson González Vega y la señora González Vega presentaron una demanda sobre división de comunidad de bienes hereditarios en contra de su hermano, el señor Leopoldo González Vega. Luego de varios trámites procesales, el 10 de junio de 2025, la apelante presentó una moción en la que argumentó que no formaba parte de la demanda, por lo cual el Tribunal ordenó enmendar el epígrafe del caso para incluirla como codemandada.

El 8 de septiembre de 2025, la señora González Vega presentó su *Contestación a Demanda y Reconvención* y solicitó la nulidad de la Escritura Núm. Cien (100) por falta de causa, ya que la supuesta entrega de los cinco mil ($5,000.00) nunca se verificó en presencia del notario. Además, argumentó que el apelado dolosamente intentó apropiarse de su participación hereditaria en el inmueble antes referido. A razón de esto, el señor Nelson González Vega presentó una solicitud de desestimación y alegó que su hermana carecía de legitimación activa por no existir la controversia que ella argumenta.

Luego de varios trámites procesales, el Tribunal recurrido dejó sin efecto el señalamiento de juicio en su fondo para atender la solicitud de desestimación del señor Nelson González Vega que estaba pendiente. En efecto, el 10 de diciembre de 2025, el Tribunal desestimó la reconvención de la señora González Vega y adujo que (1) carece de legitimación activa porque la apelante no había rechazado o devuelto el dinero a su hermano; y (2) la señora González Vega tiene la obligación de solventar los gastos y las costas que su intervención ha generado y

la suma de setecientos cincuenta ($750.00) dólares por concepto de honorarios de abogado por temeridad. Ante la solicitud de reconsideración de la apelante—en la cual alegó, por primera vez, la posible existencia de conflicto de interés de parte del abogado del señor Nelson González Vega—el Tribunal apelado resolvió sin lugar.

Insatisfecha, la apelante recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al (1) desestimar sumariamente la reconvención y adjudicar la validez de la Escritura Núm. Cien (100), contraviniendo el estándar adjudicativo de la Regla 10.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V); (2) desestimar las reclamaciones de la señora González Vega ignorando así la doctrina de la ley del caso y sus propias órdenes previas mediante las cuales realineó formalmente a la apelante como parte codemandada y le ordenó contestar la demanda; (3) validar los remedios procesales promovidos por una representación legal que actuaba bajo un conflicto de interés sucesivo; e (4) imponer un pago por concepto de honorarios por temeridad. Presentado el alegato del señor Nelson González Vega, resolvemos.

Vale recordar que, en nuestro ordenamiento jurídico, las alegaciones permitidas son la demanda, la reconvención, la demanda contra coparte, la demanda contra tercero y sus respectivas contestaciones. Regla 5.1 de Procedimiento Civil, *supra*. En cuanto a las reconvenciones, se reconocen dos tipos: las permisibles y las compulsorias. *SLG Font Bardón v. Mini Warehouse*, 179 DPR 322 (2010). Las reconvenciones permisibles son aquellas reclamaciones que no surgen del mismo acto, omisión o evento que motivó la reclamación de la parte contra la que se presenta. Regla 11.2 de

Procedimiento Civil, *supra*. De otro lado, la reconvención compulsoria es aquella reclamación, hecha por una parte contra cualquier parte adversa, que surja del mismo acto, omisión o evento que motivó la reclamación original y cuya adjudicación no requiera la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción. Íd., Regla 11.1.

De otra parte, nuestro ordenamiento jurídico permite la autolimitación jurídica de la legitimación activa de quienes acuden a los tribunales a vindicar sus derechos. *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920 (2011) (citando a *Col. Ópticos de P.R. v. Vani Visual Center*, 124 DPR 559 (1989)). De esta manera, el promovente de la acción podrá presentar su causa y así traerá a la atención del tribunal las cuestiones en controversia sobre la cual esta tendrá dominio y jurisdicción. Íd. (citando a *H5ernández Torres v. Hernández Colón*, 131 DPR 593 (1992)). Por otro lado, ante el cuestionamiento de la legitimación activa de una parte, el juzgador deberá tomar como ciertas las alegaciones de hechos del reclamante e interpretarlas de la manera más favorable a ésta. Íd. (citando a *Crespo v. Cintrón*, 159 DPR 290 (2003)). A base de esto, si una parte carece de legitimación activa, el foro judicial no contará con la jurisdicción necesaria para atender en los méritos el caso. *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2012).

Conforme lo anterior, nuestro ordenamiento considera como ley del caso todo derecho y obligación que ha sido objeto de adjudicación y dictamen firme en el ámbito judicial. *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183 (2020) (citando a *Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1 (2016); *Mgmt. Adm. Servs. Corp. v. ELA*, 152 DPR 599 (2000)). Mediante esta doctrina, los tribunales evitarán rexaminar

asuntos ya considerados dentro de un mismo caso para velar por el trámite ordenado y expedido de los litigios, más promover la estabilidad y certeza del derecho. Íd. (citando a *Mgmt. Adm. Servs. Corp. v. ELA*, *supra*; *Núñez Borges v. Pauneto Rivera*, 130 DPR 749 (1992); *Torres Cruz v. Municipio de San Juan*, 103 DPR 217 (1975)). Dichos asuntos, para que sean considerados como la ley del caso, deberán resolverse en sus méritos, es decir, que se adjudiquen dentro de un dictamen que resuelva la controversia interlocutoria presentada. Véase C.E. Díaz Olivo, *Derecho Procesal Civil*, 76 Rev. Jur. UPR 803 (2007). A manera de excepción, la doctrina de la ley del caso no aplicará cuando el caso regresa para la evaluación y consideración del tribunal y este entiende que sus determinaciones previas fueron erróneas y podrían causar una grave injusticia. Íd. (citando a *Cacho Pérez v. Hatton Gotay y otros*, *supra*; *Noriega v. Gobernador*, 130 DPR 919 (1992)).

Ahora bien, las escrituras públicas caen bajo las facultades del notario, quien es custodio de la fe pública notarial. *In re Vélez Torres*, 209 DPR 848 (2022) (citando a *In re Pagani Padró*, 198 DPR 812 (2017)). En consecuencia, un documento notarial se presume eficaz cuando el notario da fe, asegura que este cumple con todas las formalidades de ley y confirma que el mismo trata de una transacción válida y legítima. Íd. (citando a *In re Villalona Viera*, 206 DPR 360 (2021); *In re Pagani Padró*, *supra*).

Claro, toda escritura pública, para tener eficacia, debe incluir al final del documento la firma de los comparecientes, más sus iniciales al margen de cada folio. *In re Vargas Velázquez*, 193 DPR 681 (2015) (citando a *In re Vargas Cintrón*, 153 DPR 520 (2001)). Véase, también, Art. 16 de la Ley Núm. 75 de 2 de julio de 1987 (4 LPRA sec. 2034);

Regla 34 del Reglamento Notarial (4 LPRA Ap. XXIV). Tales firmas constituyen un requisito esencial, ya que estas demuestran la aprobación de los firmantes del texto y por cuya omisión sería una transgresión notarial grave de la fe pública. *In re Alomar Santiago*, 211 DPR 265 (2023) (citando a *In re Fontánez Fontánez*, 181 DPR 407 (2011); *In re Nieves Nieves*, 171 DPR 843 (2007); *In re González Maldonado*, 152 DPR 871 (2000)). Véase, también, *In re Vargas Velázquez*, *supra* (citando a *Sucn. Santos v. Registrador*, 108 DPR 831 (1979)).

Ahora bien, cuando cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entiende corresponden a tal conducta. *González Ramos et al. v. Pacheco Romero et al.*, 209 DPR 138 (2022) (citando la Regla 44.1(a) de Procedimiento Civil, *supra*). Dicha temeridad aplica cuando una parte (1) alargue innecesariamente un pleito; o (2) interponga pleitos frívolos que obliguen a la parte contraria a incurrir en gastos innecesarios o gestiones evitables. *Pérez Rodríguez v. López Rodríguez et al.*, 210 DPR 163 (2022) (citando a *Nieves Huertas et al. v. ELA I*, 189 DPR 611 (2013); *Domínguez v. GA Life*, 157 DPR 690 (2002)).

Asimismo, nuestro Tribunal Supremo ha dispuesto que existe temeridad cuando (1) una parte contesta una demanda y niega responsabilidad total, aunque se acepte posteriormente; (2) una parte se defiende injustificadamente de la acción; (3) una parte considera que la cantidad reclamada es exagerada y que sea esa la única razón que se tiene para oponerse a las peticiones del demandante sin admitir su

responsabilidad; (4) dicha parte se arriesga a litigar un caso del que se desprende *prima facie* su responsabilidad; y (5) esta misma niega un hecho que le conste como cierto a quien hace la alegación. *Fernández v. San Juan Cement Co.*, 118 DPR 713 (1987) (citando a *Rodríguez Cancel v. AEE*, 116 DPR 443 (1985); *Pérez Cruz v. Hosp. La Concepción*, 115 DPR 721 (1984); *Abréu Román v. Rivera Santos*, 92 DPR 325 (1965); *Montañez Cruz v. Metro. Cons. Corp.*, 87 DPR 38 (1962); *Mercado v. American Railroad Co.*, 61 DPR 228 (1943); *Reyes v. Aponte*, 60 DPR 890 (1942)).

Por su naturaleza, la imposición de honorarios de abogados como sanción por temeridad pueden determinarse en cualquier tipo de acción judicial. *González Ramos et al. v. Pacheco Romero et al.*, *supra* (citando a *Elba ABM v. UPR*, 125 DPR 294 (1990)). No obstante, tal determinación descansa en la sana discreción del foro primario, por lo cual un foro apelativo no intervendrá a menos que se demuestre que la adjudicación monetaria es constitutiva de un claro abuso de discreción. *Pérez Rodríguez v. López Rodríguez et al.*, *supra* (citando a *Rodríguez de Oller v. TOLIC*, 171 DPR 293 (2007)).

En el presente caso, el Tribunal de Primera Instancia actuó correctamente al desestimar la reconvención de la apelante. Los comentarios expresados por el Tribunal apelado en cuanto a la necesidad de testimonios correspondientes al tema del dinero adeudado, al igual que la enmienda al epígrafe del caso para incluir a la señora González Vega como codemandada, no constituyen ley del caso. Es decir, no se trató de controversias interlocutorias adjudicadas en sus méritos, sino determinaciones procesales susceptibles de rectificación

por el propio Tribunal que las tomó, dentro del ámbito de manejo de su caso.

Además, la señora González Vega firmó y escribió sus iniciales al margen de los folios de la Escritura Núm. Cien (100) y durante el trámite del litigio tuvo la oportunidad de recibir los cinco mil ($5,000.00) dólares presuntamente adeudados por el señor Nelson González Vega, pero esta se negó por razones no explicadas. Asimismo, aún sabiendo que el trámite litigioso sobre la reconvención pudo haberse evitado de haber aceptado el pago adeudado -validando con lo cual las obligaciones impuestas en la Escritura Núm. Cien (100)- la señora González Vega incurrió en temeridad al interponer una acción que obligó a la parte contraria a incurrir en gastos innecesarios, por lo cual la imposición de honorarios de abogados como sanción por temeridad fue correcta.

En cuanto al tema de conflicto de intereses en la representación legal, no entraremos en sus méritos por no haberse planteado antes del Tribunal apelado emitir su *Sentencia Parcial*.

Por los fundamentos expresados, confirmamos la *Sentencia Parcial* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones