ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| GLORIBEL RIVERA FRETS<br><br>Apelante<br><br>v.<br><br>ADRIÁN ALEXIS BENNETT RODRÍGUEZ Y OTROS<br><br>Apelada | KLAN202301048 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Civil Núm.: JA2021CV00015 (3)<br><br>Sobre:<br><br>ACCIÓN DE DESLINDE Y OTROS |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico a 14 de febrero de 2024.

La apelante, Gloribel Rivera Frets, solicita que revoquemos la Sentencia Sumaria Parcial en la que el Tribunal de Primera Instancia desestimó la demanda contra el apelado, el abogado notario, Eduardo J. Navarro Pluguez.

El apelado presentó su oposición al recurso.

**I.**

Los hechos esenciales para comprender la determinación que hoy tomamos se incluyen a continuación.

El 5 de febrero de 2021, la apelante presentó una demanda sobre acción civil, sentencia declaratoria, acción reivindicatoria, deslinde, interdicto posesorio y daños y perjuicios en la que alegó lo siguiente. El 26 de octubre de 2007 adquirió el inmueble descrito en la demanda mediante un contrato de venta a precio alzado. El negocio se realizó en una escritura pública otorgada por el apelado. El notario consignó en la escritura que era una

compraventa a precio alzado, pero no describió adecuadamente los linderos. Únicamente identificó a los colindantes y omitió la distancia en que se encuentran los linderos. La omisión del notario impide determinar fehacientemente los linderos de la propiedad, cuya cabida es 4.6022 cuerdas y lo obliga a realizar una acción de deslinde para corregir los puntos de los colindantes. La apelante demandó a Banco Popular de Puerto Rico, debido a que es el acreedor hipotecario que adquirió la propiedad de Doral Bank, a los colindantes Rafael González Negrón y Lizbeth Medina, porque ocupan ilegalmente una parte sustancial de su propiedad, a su exesposo, José Collazo Díaz, con quien adquirió el inmueble en controversia y al apelado porque fue el abogado notario que otorgó la compraventa en controversia. Según la demandante, la culpa y negligencia de los demandados le ocasionó daños que estimó en una cantidad no menor de $100,000.00. Véase, pág. 85 del apéndice.

El apelado alegó que cumplió con su rol de notario, porque autorizó una escritura de compraventa, válida, correcta y perfecta en derecho, que logró el acceso e inscripción en el Registro de la Propiedad. Véase, Contestación de la Demanda, pág. 99.

Posteriormente, el apelado solicitó Sentencia Sumaria a su favor. El apelado adujo que, de las alegaciones de la demanda y del descubrimiento de prueba, surge que no existen hechos materiales en controversia y que el derecho aplicable lo exime de responsabilidad. Según el apelado, no existe controversia de los hechos siguientes. La descripción registral incluida en la escritura de compraventa es idéntica a las constancias del Registro de la Propiedad existente al momento de su otorgamiento. La Certificación Registral del 8 de agosto de 2022 tiene la misma descripción. Su obligación como notario era consultar las

constancias registrales. El notario investigó las constancias del Registro de la Propiedad, utilizó un estudio de título, examinó una mensura y los documentos que le entregó el vendedor a la demandante. La escritura se inscribió en el Registro de la Propiedad. El notario no tenía facultad para variar las constancias del Registro de la Propiedad, en ausencia de un procedimiento de deslinde o una acción reivindicatoria. Véase, pág. 99 del apéndice.

Según el apelado, el Art. 1360 no responsabiliza al notario y el Tribunal Supremo de Puerto Rico ha resuelto que el adquiriente de un inmueble a precio alzado debe realizar una mensura antes de otorgar el contrato, para cerciorarse de la extensión y cabida del inmueble. El apelado adujo que la apelante demandante admitió en el contrato de opción que examinó a su satisfacción la propiedad, que la aceptó como estaba y que relevó de responsabilidad a la vendedora por cualquier defecto o daño. Por último, el apelado argumentó que la responsabilidad de verificar los linderos es de los compradores y no del notario y que, en todo caso, la reclamación estaba prescrita conforme lo establece el Art. 1361, 31 LPRA sec. 3821. Véase, pág. 99 del apéndice.

La apelante se opuso a la sentencia sumaria porque existe controversia de hechos sobre la fecha en la que tuvo conocimiento del daño, la identidad de los causantes, la existencia de un consentimiento valido y si el notario le hizo las advertencias que requiere el negocio jurídico. La demandante adujo que la reclamación no prescribió, porque advino en conocimiento del daño el 25 de septiembre de 2020. Según la apelante, fue en esa fecha, que el agrimensor le informó que no podía establecer los linderos, sin las coordenadas de las distancias y que debió levantar un plano de mensura, previo a otorgar la escritura para conocer la cabida. La apelante sostuvo que el apelado no le advirtió las

consecuencias de adquirir por precio alzado, la deseabilidad de hacer una mensura para constatar la cabida, antes de otorgar la escritura, **no le explicó que el comprador se obliga en la venta a precio alzado a pagar determinada cantidad por toda la cabida que existe dentro de los linderos establecidos en el contrato,** no le advirtió que estaba autorizando una compraventa a precio alzado en la que no estaba la descripción de los linderos con sus medidas, como lo requiere ese tipo de negocio, no le explicó que el vendedor tenía que entregar la finca mediante la descripción de sus linderos y sus distancias para poder determinar la cabida adquirida, ni la importancia de determinar los linderos al momento de suscribir el contrato. Véase, pág. 162 del apéndice.

El TPI determinó probados los hechos a continuación. La demandante estuvo casada con el señor José Collazo Díaz, pero se divorciaron el 26 de junio de 2019. Durante la vigencia de su matrimonio otorgaron un contrato de opción a compra y otro de compraventa. La demandante y su entonces esposo otorgaron el contrato de opción a compra el 16 de agosto de 2007. El 26 de octubre de 2007, el matrimonio adquirió mediante la escritura número 241 ante el notario Eduardo J. Navarro Pluguez la propiedad siguiente:

> RUSTICA. Precio localizado en el barrio Mameyes de Jayuya, Puerto Rico con una cabida de cuatro puntos seis mil veintidós cuerdas (4.6022 cdas.) equivalente a (1) una hectárea ochenta y ocho (88) centiáreas y (44) cuarenta y cuatro mil áreas. En lindes por el NORTE con Manuel Rodríguez por el SUR con Luis Torres por ESTE con David Rodríguez y por el OESTE con finca propiedad de Luis A. Rodríguez. Consta inscrita en el Registro de la Propiedad de Puerto Rico, Sección 1 Utuado al folio sesenta y ocho vueltas (68vita) del Tomo noventa y tres (93) de Jayuya finca número cinco mil cuatrocientos cuarenta y cinco (5445) inscripción octava.

Otros hechos que el TPI estableció probados son los siguientes. La descripción de la propiedad es la misma que surge

del Registro de la Propiedad, Sección 1 de Utuado. La cabida y los linderos en dicha descripción registral están conforme al Estudio de Título realizado el 3 de octubre de 2007. Al presente, la finca consta inscrita a nombre de la demandante y su excónyuge, José Collazo Díaz. La descripción registral que consta en la Escritura Numero 241 coincide con la Certificación Registral emitida el 8 de agosto de 2022. El 26 de octubre de 2007, la demandante y su excónyuge leyeron la escritura de compraventa al momento del cierre y su otorgamiento ante el apelado que ejercía como abogado notario. Durante los trámites, el vendedor, Doral Bank, les entregó copia del Estudio de Título y de un Plot plan, en los que se indicaba la ubicación, cabida y linderos de la propiedad. Los compradores no le pidieron al vendedor una mensura al momento de la compraventa, ni posteriormente. La demandante comenzó a confrontar problemas con los colindantes del sur y oeste porque reclamaban suyas algunas porciones de su propiedad. La demandante consultó en el año 2019 al perito, Carlos Alfonso Chardón y a otro de apellido Reyes para solicitar una mensura de la finca con el propósito de establecer los perímetros. No surge de la prueba en el expediente que la demandante le reclamó verbalmente o por escrito al apelado o al vendedor y acreedor hipotecario que aclarara los linderos de la finca.

El TPI determinó que la demanda se presentó a tiempo porque la demandante se enteró del daño y quién lo ocasionó en septiembre de 2020, por voz de los peritos. El foro apelado concluyó que la apelante no podía incluir en su oposición a la sentencia sumaria alegaciones que no fueron parte de la demanda. La decisión está basada en lo resuelto en *León Torres v. Rivera Lebrón,* 204 DPR 20 (2020). El tribunal dio por no puestas las reclamaciones de falta de consentimiento informado, **y por**

**infringir el deber notarial de asesorar y consignar las advertencias sobre compraventa de precio alzado que la apelante intentó incorporar por primera vez en la oposición a la sentencia sumaria**.

El TPI responsabilizó a la apelante porque debió cerciorarse de la extensión y calidad del inmueble, antes de perfeccionar el contrato y no lo hizo. El foro apelado evaluó las alegaciones en las que la apelante responsabilizó al apelado extracontractualmente, porque no incluyó en la escritura las distancias entre las colindancias. La prueba convenció al tribunal de que el notario dio fe de la descripción registral, conforme a la documentación provista por la apelante que coincidía exactamente con el tracto registral previo. El tribunal no encontró ninguna disposición legal que obligue al notario a especificar la descripción de los linderos incluyendo los rumbos y distancias entre las colindancias, máxime cuando esos datos no surgen del tracto registral que investigó antes de otorgar el instrumento público. Sin embargo, **reconoció la importancia de hacer constar los linderos en las compraventas por precio alzado.** Según el TPI, la apelante como adquiriente debió ejercer un grado de diligencia razonable, debido a que ese deber no es exclusivo del notario. Al TPI le quedó claro que ese deber prevalece sobre el adquiriente a quien le corresponde cerciorarse sobre la extensión y las características físicas de la propiedad. El foro apelado concluyó que la apelante no ejerció adecuadamente su deber de diligencia y no demostró que la falta de las distancias en las colindancias constituyó un incumplimiento del apelante con sus obligaciones como notario. Por eso resolvió que el codemandado no respondía por los daños reclamados en la demanda enmendada.

El 11 de agosto de 2023, el foro primario dictó la Sentencia Sumaria Parcial, en la que desestimó la reclamación por daños extracontractuales contra el apelado.

El 31 de agosto de 2023, la apelante presentó *Moción de Enmienda a la Demanda al Amparo de la Regla 13 de Procedimiento Civil* para incluir las alegaciones siguientes contra el apelado:

1. La parte demandante solicita permiso para enmendar la demanda para ampliar sus alegaciones relacionadas a la participación del notario en la autorización y redacción de la escritura y además para ampliar las aseveraciones relacionadas al colindante Adrián Bennet Rodríguez.

2. Según surgió en el proceso del descubrimiento de prueba, alega uno de los colindantes codemandados, Sr. Adrián Bennet Rodríguez, que parte del terreno que fue vendido a la demandante por el Banco, fue adquirido por éste mediante escritura 18 del 5 de marzo de 2004, que alega consta inscrita en el Registro de la Propiedad previo a que se efectuara la compraventa contenida en la escritura de Compraventa Número doscientos cuarenta y una (241) otorgada el 26 de octubre de 2007 ante el notario Eduardo J. Navarro Pluguez.

3. Al momento de autorizar la escritura de compraventa que sirve de título a la demandante ya existía un instrumento público inscrito que era contradictorio al título que estaba autorizando.

4. Como cuestión de hecho, la demandante advino en conocimiento del problema que su terreno aparece solapado por otro terreno segregado luego de haber recibido el insumo del informe pericial y de discutir su contenido con el perito contratado por ésta quien hizo el ejercicio de identificar adecuadamente la procedencia de la segregación de la finca 8589 al sobre posicionar el plano de AC-053003 al levantamiento planimétrico de condiciones existentes.

Véase, pág. 44 del apéndice del recurso.

La demanda enmendada incluyó las alegaciones a continuación.

[…]

6.   Según surgió en el proceso del descubrimiento de prueba, alega uno de los colindantes codemandados, Sr. Adrián Bennet Rodríguez, que parte del terreno que fue vendido a la demandante por

el Banco, fue adquirido por éste mediante escritura 18 del 5 de marzo de 2004, que alega consta inscrita en el Registro de la Propiedad previo a que se efectuara la compraventa contenida en la escritura de Compraventa Número doscientos cuarenta y uno (241) otorgada el 26 de octubre de 2007 ante el notario Eduardo J. Navarro Pluguez. Al momento de autorizar la escritura de compraventa que sirve de título a la demandante, ya existía un instrumento público inscrito que era contradictorio al título que estaba autorizando.

7.      El notario no hizo advertencia alguna a la parte compradora que se ve afectada por su omisión de la necesidad de mensurar el inmueble para poder conocer si efectivamente la cabida que estaba representándole como el objeto de la compraventa era cierta y correcta. *In re Vélez Torres,* 202 TSPR 79; *In re Peña Osorio,* 202 DPR 779, 789 (2019); *In re Torres Alicea,* 175 DPR 456, 460 (2009). L. F. Estrella Martínez, *El notariado latino en Puerto Rico como exponente de las aspiraciones del sistema jurídico Iberoamericano,* 60 Rev. D. P. 547, 546 (2021).

8.      El notario tampoco advirtió a la demandante de las consecuencias legales de comprar por precio alzado, de la deseabilidad de hacer una mensura de la propiedad para poder constatar que la cabida que alegadamente tenía el inmueble que estaba comprando efectivamente era real, de su derecho a procurar hacer una mensura antes de celebrar la compraventa. Recuérdense que "[l]as personas que ejercen la función notarial siempre deben ser conscientes que son juristas que tienen, por mandato deontológico y jurídico, un deber ineludible de instruir a los otorgantes las consecuencias de sus actos jurídicos. Deben, por ende, cerciorarse que la escritura que presentan ante las partes cumple con los requisitos necesarios para que la voluntad de los otorgantes se lleve a cabo." *In re Pagani Padró,* 198 DPR 812, 821 (2017).

9.      El notario no explicó a la demandante ni hizo la advertencia legal de que en una venta por precio alzado el comprador se obliga a pagar determinada cantidad de dinero por toda la cabida de un inmueble que resulte existir dentro de unos linderos ya establecidos en el contrato. Esto a pesar de que "el notario es un funcionario público y un profesional del Derecho a la misma vez." *In re García Cabrera,* 188 DPR 196, 207 (2013). El notario, como funcionario público, "da fe de lo que ve, oye y percibe por sus sentidos. Por otro lado, como jurista, autentica y formula un juicio, da fuerza probatoria a las declaraciones de voluntad de las partes en instrumentos y documentos públicos que debe redactar conforme a las leyes." Id. págs. 207-208. Por tanto, "[e]s evidente que el notario no es un simple observador del negocio jurídico que se realiza ante él." *In re González Hernández,* 190 DPR 164, 177 (2014).

10. El notario no explicó a la demandante ni hizo la advertencia legal que la escritura autorizada era una compraventa a precio alzado donde no está la descripción de los linderos mediante su designación particularizada con sus medidas que requiere una compraventa de ese tipo. Cuando un notario o notaria autoriza un instrumento público en Puerto Rico tiene cuatro deberes que se desprenden de nuestra jurisprudencia: primero, el notario o notaria debe indagar la voluntad de los otorgantes; segundo, formular la voluntad indagada; tercero, investigar ciertos hechos y datos de los que depende la eficacia o validez del negocio, y cuarto, darles a los otorgantes la información, aclaraciones y advertencias necesarias para que comprendan el sentido, así como los efectos y consecuencias, del negocio, y se den cuenta de los riesgos que corren en celebrarlo. *Chévere v. Cátala,* 115 DPR 432, 438 (1984).

11. El notario no explicó a la demandante ni hizo la advertencia legal de que en la compraventa por precio alzado, el vendedor tiene que entregar la cosa cierta, que es la finca individualizada mediante la descripción de sus linderos y sus distancias para poder determinar si la cabida de las 4.6022 cuerdas existía en realidad.

12. El notario no explicó a la demandante ni hizo la advertencia legal que en una venta a precio alzado lo importante es determinar cuáles eran los linderos establecidos por las partes al momento de suscribir el contrato de compraventa.

13. El notario en las advertencias hechas en la escritura autorizada por este no consignó que advirtió a las partes sobre el hecho de la necesidad de que para que pueda haber una compraventa a precio alzado la ley requiere que la finca esté individualizada mediante la descripción de sus linderos mediante su designación particularizada con sus medidas lo cual es un requisito para poder constatar la cabida.

14. El notario no explicó ni advirtió a la demandante ni surge de la escritura que hiciera la advertencia alguna del hecho de la necesidad de levantar un plano para poder establecer la descripción de los linderos con sus distancias.

15. El notario no advirtió ni explicó a la demandante ni surge de la escritura qué significa una compraventa por precio alzado y sus consecuencias legales para poder prestar un consentimiento informado y tomar las medidas necesarias para proteger sus intereses.

16. El notario es el profesional del derecho encargado de la función de recibir e interpretar la voluntad de las partes, dándole forma legal, redactar las escrituras y documentos notariales a tal fin y conferirle autoridad a estos y no cumplió con sus deberes como custodio de la fe pública siendo este el llamado a asegurarse de que los otorgantes de un

instrumento público que autoriza entienden cabalmente el negocio jurídico.

17. El notario incumplió con sus obligaciones esenciales al autorizar una escritura pública, sin indagar la voluntad de los otorgantes; sin formular la voluntad indagada; sin investigar ciertos hechos y datos de los que depende la eficacia o validez del negocio; sin darles a los otorgantes las informaciones, aclaraciones y advertencias necesarias para que comprendan el sentido, así como los efectos y consecuencias del negocio, y se den cuenta de los riesgos que corren en celebrarlo.

18. La omisión del notario en la descripción adecuada de los linderos mediante su designación particularizada con sus medidas que no permite determinar de forma fehaciente cuáles son los linderos del inmueble cuya cabida registral es de 4.6022 cuerdas sumada a la omisión de hacer saber a la demandante que sin esa información no se podía constatar la cabida real del inmueble lo hace responsable por los daños y perjuicios que le ha ocasionado, que al día de hoy continua sufriendo y padeciendo, con la incertidumbre de desconocer si en algún momento va a encontrar a la mancillada justicia.

19. El Artículo de la Ley Notarial, 4 LPRA sec. 2032, instituye que "[l]os notarios redactarán las escrituras públicas de acuerdo con la voluntad de los otorgantes y adaptándola a las formalidades jurídicas necesarias para su eficacia". A la par, como parte de su función notarial, es necesario que los notarios y notarias se aseguren de obtener el consentimiento informado de los otorgantes, por medio de la explicación, aclaración y advertencias necesarias. *In re Torres Alicea,* supra, pág. 461.

20. Por su parte, el Artículo 15(f) de la Ley Notarial, 4 LPRA sec. 2033, le indica al notario o notaria el deber de consignar en la escritura, entre otras cosas, "[h]aberles hecho de palabra a los otorgantes en el acto del otorgamiento las reservas y advertencias legales pertinentes. No obstante, se consignarán en el documento aquellas advertencias que por su importancia deban, a juicio prudente del notario, detallarse expresamente". Hemos hecho hincapié en que el notario "debe aplicar el derecho positivo y la jurisprudencia considerando, a su vez, el contenido del negocio y las estipulaciones que se suscribirán al momento de decidir qué advertencias debe hacer constar", y por lo tanto, "tiene la obligación ética de conocer el derecho aplicable al asunto ante su consideración". *In re Palmer Ramos*, supra, pág. 256.

21. Los notarios y notarias tienen el deber de investigar los antecedentes registrales de la propiedad antes de otorgar la escritura pues si omitiese tal investigación o si no la hiciese conforme a los más

altos estándares de diligencia y competencia, incumpliría con su deber de informar apropiadamente a los otorgantes. *In re López Maldonado,* 130 DPR 863, 865-866 (1992). Por lo tanto, se ha repetido en incontadas ocasiones que la falta de investigación apropiada y responsable es, en sí misma, una violación a la ley Notarial de Puerto Rico. Id; *In re Pagani Padró,* supra, pág. 822; *In re Aponte Berdecía,* 161 DPR 94, 104 (2004).

22. La descripción adecuada de los linderos supone conocer no solo la identidad del colindante sino además la ubicación de estos pues de lo contrario no se puede establecer ni conocer lo que comprenden. Según Diego Espín, en su obra Manual de Derecho Civil Español, vol. III, Madrid, 1961, pág. 500 señala que "…en la venta a precio alzado, siendo fundamental la entrega de todo lo incluido en el perímetro delimitado… para que exista un perímetro delimitado es fundamental que se provea la información necesaria para poder conocer las distancias y rumbos que se utilizan para establecer las colindancias.

23. El notario además alega que la demanda presentada en su contra está prescrita alegando que ha establecido en su relación de presuntos hechos que la demandante conocía o debió haber conocido del daño que se aduce en la demanda desde el momento en que leyó el instrumento y/o desde el 2018, lo cual es una mera suposición que no se sostiene con la alegada evidencia presentada como hechos propuestos y ha quedado además claramente controvertida con la declaración jurada de la demandante que categóricamente establece como fecha de partida sobre el conocimiento del daño y la identidad del causante de éste con posterioridad al 25 de septiembre de 2020, fecha cierta en la que contrató los servicios profesionales del abogado.

24. Como cuestión de hecho, la demandante advino en conocimiento del problema que su terreno aparece solapado por otro terreno segregado luego de haber recibido el insumo del informe pericial y de discutir su contenido con el perito contratado por ésta quien hizo el ejercicio de identificar adecuadamente la procedencia de la segregación de la finca 8589 al sobre posicionar el plano de AC-053003 al levantamiento planimétrico de condiciones existentes.

Véase, págs. 50-55 del apéndice el recurso.

La apelante presentó una moción de reconsideración y de determinaciones de hecho adicionales en la que adujo que, en su oposición a la sentencia sumaria, informó que enmendaría la demanda para aclarar y añadir alegaciones contra el apelado. La señora Rivera adujo que el tribunal no consideró los hechos

probados mediate la declaración jurada que acompaña la moción de sentencia. Según la apelante, el tribunal tampoco consideró los hechos controvertidos que surgen de esa prueba y que impiden dictar sentencia sumaria.

El apelado se opuso a la reconsideración, porque estaba basada en alegaciones que no formaron parte de la demanda. Además, argumentó que la demandante pretendía enmendar la demanda, a pesar de que el tribunal ya dictó sentencia sumaria parcial a su favor. Según el apelado, la apelante intenta usar la Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V, que regula las enmiendas a las alegaciones, como un mecanismo de revisión judicial. Fue enfático en que las alegaciones de la demanda no pueden ser enmendadas mediante una oposición a la sentencia sumaria y menos aún, luego de dictada la sentencia.

El TPI concluyó que la moción de reconsideración no cumplió con la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, porque no estaba fundamentada en cuestiones sustanciales relacionadas con las determinaciones de hecho pertinentes o en conclusiones de derecho materiales. Además, de que los asuntos señalados no se contemplaron en la demanda y son alegaciones nuevas. **El TPI determinó que, las alegaciones de: (1) falta de consentimiento informado al momento de otorgar la escritura de compraventa, (2) infracción del deber de asesoramiento y (3) falta de consignación de las advertencias sobre la compraventa de precio alzado, no estaban relacionadas con las determinaciones de hecho de la Sentencia Parcial.**

Por otro lado, el TPI rechazó la solicitud de determinaciones de hechos adicionales porque algunos de los hechos propuestos fueron incluidos en la sentencia, la gran mayoría están sujetos a prueba y no están fundamentadas en cuestiones sustanciales.

Por último, el TPI no autorizó la enmienda a la demanda relacionada a la reclamación contra el apelado. El tribunal advirtió que la apelante intentó incorporar, por primera vez, esas alegaciones en la oposición a la sentencia sumaria y, en esa ocasión, determinó que eran improcedentes. *León Torres v. Rivera Lebrón,* 204 DPR 20 (2020). No obstante, utilizó las mismas alegaciones para obtener una reconsideración de la sentencia.

El TPI analizó la procedencia de las enmiendas propuestas conforme a los cinco criterios establecidos. El foro apelado valoró **el impacto del tiempo transcurrido previo a la enmienda**. Según el TPI, aunque la apelante había expresado su intención de enmendar la demanda, no lo hizo formalmente hasta que dictó la Sentencia Sumaria Parcial, en la que desestimó la reclamación contra el apelado. El tribunal señaló que la apelante no justificó satisfactoriamente la razón para la demora en presentar la demanda enmendada. Según el TPI, el perjuicio a la otra parte era evidente, porque la apelante intenta traer al apelado nuevamente al pleito y ya el abogado notario tiene una sentencia sumaria a su favor. El foro apelado evaluó la procedencia de la enmienda y concluyó que todas las alegaciones propuestas surgen del otorgamiento de la escritura de compraventa y que esa información estuvo disponible mediante el procedimiento de descubrimiento de prueba. Por último, determinó que la apelante plantea una nueva defensa que no fue adjudicada sumariamente, porque no formó parte de la demanda.

El foro primario resolvió que la enmienda no procede porque es propuesta en un momento irrazonablemente tardío, porque se presentó luego de dictada la sentencia en la que se desestimó la causa de acción contra el apelado. Únicamente autorizó las alegaciones 6 y 24 relacionadas al codemandado, Alexis Bennet.

Inconforme el apelante presentó este recurso en el que alegó los errores siguientes:

ERRÓ EL TPI AL DESESTIMAR SUMARIAMENTE LA DEMANDA, SIN PERMITIR ENMENDAR LA DEMANDA, ADOPTANDO POR REFERENCIA LOS HECHOS Y ARGUMENTOS DE LA PARTE DEMANDADA DESCARTANDO LOS HECHOS NO CONTROVERTIDOS QUE LA PARTE DEMANDANTE PRESENTÓ.

ERRÓ EL TPI AL DENEGAR LA SOLICITUD DE DETERMINACIONES ADICIONALES DE HECHO, LA RECONSIDERACIÓN Y LA ENMIENDA A LA DEMANDA Y DESESTIMAR LA DEMANDA.

## II.

### Sentencia Sumaria

La sentencia sumaria promueve una solución justa, rápida y económica para litigios de naturaleza civil en los que no hay controversia genuina sobre hechos materiales que componen la causa de acción. *Birriel Colón v. Econo y otros,* 2023 TSPR 120, 213 DPR ___ (2023); *Acevedo y otros v. Depto. Hacienda y otros,* 2023 TSPR 80, 212 DPR ___ (2023); *González Santiago v. Baxter Healthcare,* 202 DPR 281, 290 (2019). La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, establece que la sentencia sumaria procede cuando las alegaciones, deposiciones y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia, acreditan que no existe una controversia real y sustancial respecto a algún hecho esencial y material. *Íd.,* pág. 291.

El tribunal podrá dictar sentencia sumaria a favor del promovente, sin necesidad de celebrar un juicio, si no existe controversia de los hechos materiales que motivaron el pleito y únicamente resta aplicar el derecho a los no controvertidos. *González Meléndez v. Mun. San Juan et al.,* 2023 TSPR 95, 212 DPR ___ (2023)*; Acevedo y otros v. Depto. Hacienda y otros,* supra; *Roldán Flores v. M. Cuebas et al,* 199 DPR 664, 676 (2018). La

sentencia sumaria únicamente procede cuando el derecho aplicable lo justifica. La Regla 36.3 de Procedimiento Civil, *supra*, dispone los requisitos con los que debe cumplir una moción de sentencia sumaria. *Oriental Bank v. Perapi et al*, 192 DPR 7, 25 (2014).

La parte promovente de la moción de sentencia sumaria tiene que desglosar los hechos sobre los que alega no existe controversia. Además de especificar para cada uno la página o párrafo de la declaración jurada u otra prueba admisible en evidencia que lo apoya. *Roldán Flores v. M. Cuebas et al*, supra, pág. 676; *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). Mientras que, la parte que se opone a una moción de sentencia sumaria tiene que demostrar que existe controversia en cuanto a algún hecho material. Se considera un hecho material aquel que pueda afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Roldán Flores v. M. Cuebas et al*, supra. Para ello, el promovido deberá presentar una contestación detallada y específica, y refutar los hechos que entiende que están en disputa con evidencia sustancial. *Birriel Colon v. Econo y otros*, supra; *Abrams Rivera v. ELA*, 178 DPR 914, 933 (2010). Si, al contrario, asume una actitud pasiva y descansa únicamente en sus alegaciones, se expone a que se dicte sentencia sumaria en su contra sin la oportunidad de un juicio en su fondo, de proceder en derecho. *León Torres v. Rivera Lebrón*, supra, págs. 43-44.

Cualquier duda no es suficiente para derrotar la procedencia de una moción de sentencia sumaria. La duda existente tiene que permitir concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes. Los tribunales solo podemos concluir que existe una controversia real y sustancial en cuanto a un hecho material, cuando el oponente presenta prueba que

podría inducir a un juzgador racional a resolver a su favor. *Oriental Bank v. Perapi et al*, supra, pág. 26.

La sentencia sumaria tampoco procede, si existen alegaciones afirmativas en la demanda que no han sido refutadas y de los documentos que acompañan la moción de sentencia sumaria surge controversia sobre algún hecho material y esencial, o cuando como cuestión de derecho no procede el remedio sumario. *Oriental Bank v. Perapi et al*, supra, págs. 26, 27.

El tribunal apelativo utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria. No obstante, al revisar la determinación del Tribunal de Primera Instancia, únicamente podrá considerar los documentos que se presentaron ante ese foro. Las partes no podrán traer en apelación evidencia que no fue presentada oportunamente ante el Tribunal de Primera Instancia, ni esbozar teorías nuevas o esgrimir asuntos nuevos. El tribunal apelativo únicamente puede determinar si existe o no alguna controversia genuina de hechos materiales y esenciales y si el derecho se aplicó correctamente. Sin embargo, no puede adjudicar hechos materiales en disputa porque esa tarea es del foro de primera instancia. *Meléndez González et al v. M. Cuevas*, 193 DPR 100, 114, 116 (2015).

El Tribunal Supremo de Puerto Rico adoptó la norma establecida en la esfera federal de que la oposición a la sentencia sumaria no es el vehículo apropiado para presentar reclamaciones nuevas que nunca antes habían sido aducidas. Por esa razón, la parte demandante tiene vedado cualquier intento de incorporar reclamaciones nuevas o corregir deficiencias en su demanda, una vez sometida una solicitud de sentencia sumaria. El procedimiento adecuado en esas circunstancias es solicitar la anuencia del

tribunal para enmendar la demanda. *León Torres v. Rivera Lebrón,* supra, págs. 45-49.

## Responsabilidad del Notario

El notario es un profesional del derecho al que se le reconoce el carácter de jurista. Al notario también se le reconocen las cualidades de perito técnico y práctico del derecho que le asisten como intérprete y asesor de la voluntad humana deseosa de realizaciones jurídicas. Un error de juicio en el quehacer notarial no da lugar la responsabilidad civil de parte del notario cuando actúa conforme a un juicio informado y honesto, fundado en un estudio adecuado y en una interpretación razonable de las disposiciones legales vigentes al momento del otorgamiento de la escritura, que luego es declarada nula por el tribunal. *Fed. Pesc. Playa Picuas v. U.S. Inds., Inc.*, 135 DPR 303, 320-321 (1994). Sin embargo, queda incólume el principio que impone al notario el deber de conocer la ley, los cánones de ética, el contrato entre las partes y las buenas costumbres. Además de ejercer su misión conforme a las normas de excelencia profesional que el ejercicio del notariado moderno requiere de todo notario. *Federación de Pescadores vs. US,* supra.

Además, de la acción disciplinaria a la que puede estar sujeto un notario por violación a los deberes inherentes de la profesión, puede responder civilmente cuando cause un daño a su cliente que emane de la negligencia y el descuido en el ejercicio de la gestión notarial. *Feliciano v. Ross,* 165 DPR 649, 661 (2005). Su responsabilidad será extracontractual cuando el notario provoque un daño por violar una obligación que la ley le impone. *Feliciano v. Ross,* supra. No obstante, la responsabilidad civil contractual ocurre cuando el daño surge del quebrantamiento de una

obligación que la ley no le impone, pero asumió contractualmente. *Feliciano v. Ross,* supra*.*

El notario como profesional del derecho tiene el deber de ejercer una puntillosa función que robustece de seguridad y certeza jurídica los hechos y actos que se consignan bajo su fe notarial. Por esa razón debe poseer las características personales indispensables de probidad, capacidad profesional y diligencia. Los notarios no son meros autómatas en el sentido cartesiano de la palabra, porque su función no se limita a legalizar las firmas. Los miembros de la profesión notarial tienen la obligación ética de comprobar que el instrumento público ante su presencia cumpla con todas las formalidades que exige la legislación. El notario tiene un deber inescapable de ilustrar a los otorgantes las consecuencias de sus actos jurídicos y debe cerciorarse de que el instrumento público cumple con los requisitos necesarios para que la voluntad de los otorgantes se lleve a cabo. El rol del notario como promotor de la equidad y garantía de derechos de las personas constituye una responsabilidad social ineludible. El notario tiene el deber ineludible de ejercer su función con excesivo cuidado, esmero y celo profesional. Los miembros de la profesión legal juramentados como notarios están obligados a cumplir la función notarial que representa la fe pública y la ley para todas las partes. *In re Rivera Pérez,* 208 DPR 805, 816-817 (2022).

Según lo dispuesto en el Art. 14 de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2032, los notarios redactarán las escrituras públicas de acuerdo con la voluntad de los otorgantes y las adaptarán a las formalidades jurídicas necesarias para su eficacia. A la par y como parte de su función, los notarios han de asegurarse de obtener el consentimiento informado de los otorgantes por medio de la explicación, la aclaración y las

advertencias necesarias. El Art. 15(f) de la Ley Notarial, 4 LPRA sec. 2033, obliga a los notarios a consignar en la escritura que advirtió de palabra a los otorgantes en el acto del otorgamiento, las reservas y advertencias legales pertinentes. No obstante, también deberán consignar las advertencias que, según su juicio prudente, deben detallarse expresamente. El profesional de la notaría debe cumplir con la Ley Notarial y su reglamentación aplicable y comportarse bajo el umbral de los cánones del Código de Ética Profesional. *In re Rivera Pérez,* supra, pág. 818.

El Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, exige que los abogados incluso, cuando se desempeñan como notarios, rindan una labor idónea de competencia y diligencia. El notariado puertorriqueño puede demostrar que tiene el conocimiento jurídico necesario durante la ejecución de sus funciones. Este canon obliga a los profesionales de la notaría a ilustrar e instruir a los otorgantes con explicaciones, aclaraciones y advertencias necesarias según el derecho positivo notarial y la jurisprudencia emitida por el Tribunal Supremo de Puerto Rico. El profesional de la notaría, al ser el custodio de la fe pública notarial, no puede darse el lujo de desconocer el estado de las constancias del Registro de la Propiedad. El notario está obligado a investigar los antecedentes registrales, antes de otorgar la escritura, conforme a los más altos estándares de diligencia y competencia. Si no lo hace incumplirá con su deber de informar apropiadamente a los otorgantes y se configurará una infracción a la fe pública notarial. La falta de investigación apropiada y responsable en sí misma constituye una violación a la Ley Notarial. *In re Rivera Pérez,* supra, págs. 819-820.

### Las alegaciones de la demanda y sus enmiendas

La demanda tiene que incluir una relación sucinta y sencilla de los hechos que demuestran que la demandante tiene derecho a un remedio. Aunque no es necesario que la demandante exponga detalladamente todos los hechos que dan base a la reclamación. La Regla 6.5(a) de Procedimiento Civil, 32 LPRA Ap. V, especifica que cada aseveración contenida en una alegación debe ser sencilla, concisa y directa sin que sea necesario valerse de fórmulas técnicas en el proceso de redacción. Las alegaciones se interpretarán conjuntamente y liberalmente a favor de la demandante. La intención de esa liberalidad es hacer justicia. El propósito de las alegaciones es notificar a la parte contraria a grandes rasgos de las reclamaciones en su contra para que comparezca a defenderse, si lo desea. *León Torres v. Rivera Lebrón,* supra, págs. 40-41.

Los tribunales ejercerán liberalmente su facultad para autorizar las enmiendas a las alegaciones. Nuestra jurisdicción se rige por una política pública clara a favor de que los casos se ventilen en sus méritos. Igualmente se caracteriza por un interés importante en que los litigantes tengan su día en corte y no se perjudiquen por los actos u omisiones de sus abogados. *SLG Font Bardon v. Mini Warehouse,* 179 DPR 322, 334 (2010).

La Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V, permite enmendar las alegaciones de la demanda sin autorización del tribunal, antes de notificada una alegación responsiva. La autorización judicial tampoco es requerida cuando no es necesario una alegación responsiva. El tribunal en ese caso permitirá la enmienda dentro de los veinte días de notificada y siempre que el juicio no haya sido señalado.

La aprobación del tribunal es necesaria en los demás casos. Aunque el tribunal tiene discreción para permitir la enmienda, la decisión debe basarse en los criterios siguientes: (1) el impacto del tiempo transcurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte y (4) la procedencia de la enmienda solicitada. *León Torres v. Rivera Lebrón,* supra*,* págs. 35, 36. Estos factores tienen que evaluarse conjuntamente, porque ninguno opera aisladamente. *León Torres v. Rivera Lebrón,* supra.

El paso del tiempo no impide ipso facto, que el tribunal admita una enmienda. Los tribunales deben evaluar la solicitud de enmienda liberalmente, aun en etapas avanzadas de los procedimientos como la Conferencia con Antelación al Juicio. El factor más relevante al momento de evaluar una solicitud de autorización para enmendar las alegaciones es el perjuicio que puede causarle a la parte contraria. La enmienda usualmente se prohíbe cuando engendra un perjuicio indebido a la parte afectada o si se solicita en un momento irrazonable. Sin embargo, si la enmienda no causa perjuicio a la otra parte, no es suficiente para denegarla que se haya presentado tardíamente. Por otro lado, será denegada si altera radicalmente el alcance y naturaleza del caso, porque convierte la controversia inicial en tangencial. Sin embargo, el cambio de teoría por sí solo no es suficiente para denegar el permiso, salvo que ocasione perjuicio al demandado. *SLG Font Bardón v. Mini Warehouse,* supra*,* págs. 335-336.

### Moción de Reconsideración

Según lo dispuesto en la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V:

> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la promovente estime deben considerarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de hechos materiales.

La moción de reconsideración que no cumpla con las especificaciones de esta regla será declarada sin lugar y se entenderá que no ha interrumpido el término para recurrir.

La especificidad es el criterio rector para determinar si la moción de reconsideración interrumpió el término para apelar o acudir en revisión. El tribunal tiene que examinar si el promovente cumplió con los requisitos de la norma procesal. Luego de evaluar si la presentación y la notificación fueron oportunas, le resta examinar la particularidad y especificidad de los hechos y el derecho que el promovente entiende que debe reconsiderar. *Simons y otros v. Leaf Petroleun Corp.,* 209 DPR 216, 224 (2022).

### Moción de Determinaciones de Hecho Adicionales

La Regla 43.1 de Procedimiento Civil, 32 LPRA Ap. V, exige la acumulación en una misma petición de la moción de reconsideración y la moción de determinación de hechos adicionales. Así el tribunal podrá resolver ambos asuntos en la misma resolución. Al igual que la moción de reconsideración, una solicitud de determinaciones de hecho adicionales oportunamente presentada, interrumpe automáticamente los términos para recurrir en alzada, siempre que cumpla las especificaciones que la propia norma establece. La moción al amparo de la Regla 43.2, *supra,* no puede utilizarse para introducir prueba nueva que estuvo disponible en el juicio o traer nuevas teorías. Los tribunales no podemos perder de vista que los propósitos de esa regla son los siguientes: (1) que el tribunal quede satisfecho de que atendió cabalmente todas las controversias y (2) que las partes y los foros apelativos estén informados de todos los cimientos de la decisión del Tribunal de Primera Instancia. *Morales y otros v. Sheraton Corp.,* 191 DPR 1, 9-10 (2014).

### Compraventa de bien inmueble a precio alzado, según lo dispuesto en el Art. 1358, 31 LPRA sec. 3818[1]

La obligación de entregar la cosa vendida comprende la de poner en poder del comprador todo lo que exprese el contrato, mediante las reglas siguientes:

Si la venta de bienes inmuebles se hubiese hecho con expresión de su cabida, a razón de un precio por unidad de medida o número, tendrá obligación el vendedor de entregar al comprador, si éste lo exige, todo cuanto se haya expresado en el contrato; pero si esto no fuese posible, podrá el comprador optar entre una rebaja proporcional del precio, o la rescisión del contrato, siempre que en este último caso, no baje de la décima parte de la cabida la disminución de la que se le atribuyera al inmueble.

Lo mismo se hará, aunque resulte igual cabida, si alguna parte de ella no es de la calidad expresada en el contrato.

La rescisión, en este caso, sólo tendrá lugar a voluntad del comprador, cuando el menos valor de la cosa vendida exceda de la décima parte del precio convenido.

Por su parte, el Art. 1359, 31 LPRA sec. 3819, dispone lo siguiente:

Si en el caso de la sec. 3818 de este título resultare mayor cabida o número en el inmueble que los expresados en el contrato, el comprador tendrá la obligación de pagar el exceso de precio si la mayor cabida o número no pasa de la vigésima parte de los señalados en el mismo contrato; pero si excediere de dicha vigésima parte, el comprador podrá optar entre satisfacer el mayor valor del inmueble, o desistir del contrato.

El Art. 1360, 31 LPRA sec. 3820, dispone lo siguiente:

En la venta de un inmueble, hecha por precio alzado y no a razón de un tanto por unidad de medida o número, no tendrá lugar el aumento o disminución del mismo, aunque resulte mayor o menor cabida o número de los expresados en el contrato.

Las acciones que nacen de las tres secciones anteriores prescribirán a los seis (6) meses, contados desde el día de la entrega. Art. 1361, 31 LPRA sec. 3821.

---

[1] Los eventos fácticos y procesales de este caso ocurrieron durante la vigencia del Código Civil de 1930, según enmendado, 31 LPRA ant. sec. I et seq., hoy derogado, por lo que nos apoyamos en sus disposiciones y la jurisprudencia interpretativa.

La venta por precio alzado es aquella en la que el comprador se obliga a pagar determinada cantidad de dinero por toda la cabida de un inmueble que resulte existir dentro de los linderos establecidos en el contrato. *Rodríguez v. Pérez,* 164 DPR 368, 376 (2005). El vendedor tiene que entregar la finca, mediante la descripción de sus linderos. De modo que tiene que entregar todo lo que está dentro de los linderos a cambio del precio convenido. Cualquier diferencia entre la cabida expresada y la que existe realmente, no da margen a reclamaciones o indemnizaciones. *Rodríguez v. Pérez,* supra; *Sociedad de Gananciales v. Srio. de Justicia,* 137 DPR 70, 76 (1994). Por esa razón, en las ventas a precio alzado, lo importante es determinar los linderos establecidos por las partes al momento de suscribir el contrato de compraventa. *Rodríguez v. Pérez,* supra, pág. 377.

### III.

La apelante, en síntesis, alega que el TPI erró al declarar No Ha Lugar las solicitudes de reconsideración y determinaciones de hecho adicionales, no autorizar la demanda enmendada y desestimar sumariamente la reclamación contra el apelado.

El TPI concluyó que la moción de reconsideración no cumplió con la Regla 47, *supra,* porque no estaba fundamentada en cuestiones sustanciales relacionadas a determinaciones de hecho pertinentes o en conclusiones de derecho materiales. Además de que los asuntos señalados no se contemplaron en la demanda y son alegaciones nuevas. El TPI determinó que las alegaciones de: (1) falta de consentimiento informado al momento de otorgar la escritura de compraventa, (2) infracción del deber de asesoramiento y (3) falta de consignación de las advertencias sobre la compraventa de precio alzado, no estaban relacionadas con las determinaciones de hecho la Sentencia Parcial.

El foro apelado denegó correctamente la moción de reconsideración. Los argumentos de la representación legal de la apelante son incorrectos. La moción de reconsideración en oposición a la sentencia sumaria no tiene ningún efecto, porque no cumple con los requisitos de la Regla 47 de Procedimiento Civil, *supra.* El escrito que presentó la apelante no está basado en cuestiones sustanciales relacionadas con las determinaciones de hecho pertinentes ni en conclusiones de hechos materiales, como se exige en la regla citada. La apelante simplemente argumentó que la moción de sentencia sumaria está basada en una relación selectiva de los hechos, que el apelado alegó no están en controversia. Según la apelante, el apelado se limitó a imputarle responsabilidad. La moción, además, se fundamentó en alegaciones nuevas que no son parte de la demanda, ni fueron atendidas en la sentencia objeto de la reconsideración. La demandante argumentó que el apelado desatendió su función como profesional del derecho, porque no le brindó las informaciones, aclaraciones y advertencias necesarias para que los otorgantes entendieran los efectos y consecuencias del negocio. Sin embargo, esas alegaciones no fueron parte de la demanda y, por consiguiente, no fueron atendidas por el TPI en la sentencia.

La parte apelante tiene que entender que una moción de reconsideración que no cumple con la Regla 47, *supra*, será declarada NO HA LUGAR y tampoco interrumpirá el término para apelar. La moción de reconsideración que presentó su representación legal no cumplió con los requisitos expresamente establecidos en esa regla. Una moción de reconsideración fundamentada en asuntos que no fueron objeto de la sentencia cuestionada, y que no cumple con la especificidad y particularidad

requerida en la Regla 47 de Procedimiento Civil, tiene que ser declarada NO HA LUGAR.

Por otro lado, la apelante cuestiona que el TPI declaró NO HA LUGAR la solicitud de determinaciones de hecho adicionales.

Su representación legal fundamentó la solicitud en la declaración jurada de la señora Rivera Frets. Véase, pág. 184 del apéndice del recurso.

Un análisis de los hechos propuestos nos lleva a la misma conclusión que el TPI. Algunos de los hechos propuestos fueron incluidos en la sentencia apelada o no han sido probados y otros no son pertinentes ni relevantes. Por último, la apelante incluyó hechos nuevos que no fueron parte de las alegaciones de la demanda y que no estuvieron ante la consideración del tribunal al momento de dictar la sentencia. Por consiguiente, es obvio que el TPI denegó correctamente la solicitud de determinaciones de hecho adicionales.

La apelante, además, alega que el TPI erró al no autorizar la demanda enmendada. El error señalado no fue cometido. La representación legal de la apelante argumenta que manifestó la intención de enmendar la demanda en su oposición a la sentencia sumaria y en otras etapas del caso. Sus argumentos carecen de fundamentos. La solicitud de enmienda a la demanda es más que tardía, porque se presentó en un momento que, a todas luces, es irrazonable. La representación legal de la apelante pretende que el TPI permita la enmienda, cuando ya ha dictado sentencia a favor del apelado. El perjuicio al apelado es más que evidente, porque lo obligaría nuevamente a ventilar una controversia que ya fue adjudicada a su favor.

Por último, la apelante alega que existe controversia de hechos esenciales que impiden exonerar al apelado sumariamente

de responsabilidad. Su oposición a la sentencia sumaria está basada en hechos que no alegó en la demanda. Según la apelante, el apelado no le explicó que el comprador se obliga en la compraventa a precio alzado a pagar determinada cantidad por toda la cabida que existe dentro de los linderos, no le advirtió que la descripción de los linderos no era la requerida en ese tipo de compraventa, ni de la importancia de establecer los linderos. No obstante, esas alegaciones no fueron parte de la demanda. La representación legal de la apelante olvida que la moción de sentencia sumaria y, por consiguiente, su oposición no son el vehículo procesal para incluir alegaciones nuevas ni para corregir las deficiencias de la demanda. La apelante no puede pretender añadir en su oposición alegaciones de hechos que no están en la demanda. Tal pretensión es contraria a derecho. Aun cuando entendiésemos que la prudencia llama a los notarios a explicar y consignar las consecuencias legales de una compraventa a precio aplazado no fue parte de las alegaciones de la demanda.

La sentencia sumaria procede porque que se probaron todos los hechos esenciales que eximen de responsabilidad al apelado por las alegaciones de la demanda en su contra. La prueba presentada demostró que el notario otorgó la escritura conforme a las constancias del Registro de la Propiedad y que el documento fue inscrito.

**IV.**

Por los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones