EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Roberto Vargas Cintrón | Queja<br><br>2001 TSPR 45 |

Número del Caso: AB-1999-76

Fecha: 5/marzo/2001

Oficina de Inspección de Notarías:

> Lcda. Carmen H. Carlos
> Directora

Abogado de la Parte Querellada:

> Lcdo. Harry N. Padilla Martínez

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EL TRIBUNAL DEL TRIBUNAL SUPREMO


In re:


Roberto Vargas Cintrón
                                    AB-1999-76






                        PER CURIAM


        San Juan, Puerto Rico a, 5 de marzo de 2001


                              I


        El asunto ante nos se inició con una queja presentada el 7 de julio de 1999 por el Sr. Rafael Delgado Candelas, Vicepresidente del Departamento de Hipotecas de la Compañía Popular Finance, contra el Lcdo. Roberto Vargas Cintrón por motivo de sus servicios profesionales como notario.  Alegó que el licenciado Vargas Cintrón incumplió con sus deberes al: (i) no presentar en el Registro de la Propiedad alrededor de ciento setenta (170) escrituras de hipotecas autorizadas por él en el 1997, cuyo valor

aproximado ha sido estimado en más de $3,000,000; (ii) no resolver diligentemente notificaciones registrales sobre las escrituras presentadas; (iii) no contestar debidamente los requerimientos del señor Delgado Candelas para que cumpla con un itinerario de presentaciones que propusiera el mismo notario y; (iv) que a la fecha de la queja, aún no se había comunicado formalmente sobre el estado de la presentación de estas escrituras.[1]

De otra parte, el señor Delgado Candelas sostuvo que la no presentación de las escrituras en el Registro, tuvo como consecuencia el que en dos (2) ocasiones el crédito a favor del Banco no estuviera asegurado y, además, tuviera que defenderse en una reclamación de daños. Por lo tanto, nos solicitó lo siguiente:

> Entendemos que las consecuencias econórmicas [sic] a las que nos ha expuesto el Lcdo. Vargas Cintrón son significativas y de tal magnitud que no nos deja otra alternativa que someter esta lamentable situación a vuestra consideración, de forma tal que se proceda con los trámites de rigor y se ordene al notario, o al Fondo de Fianza Notarial <u>compense la pérdida econórmica [sic] ocasionada</u>.

Así las cosas, el 12 de julio de 1999, la Secretaria de este Tribunal envió copia de la queja al licenciado Vargas Cintrón. El 3 de agosto éste compareció, aceptó la no presentación a tiempo de una serie de escrituras de constitución de hipoteca y responsabilizó a los funcionarios de Popular Finance por no estar disponibles al momento del otorgamiento de las escrituras. El 30 de agosto de 1999, este Tribunal remitió copia del expediente de la queja a la Directora de la Oficina de Inspección de Notarías, Lcda. Carmen H. Carlos Cabrera. El 15 de junio de 2000, la licenciada Carlos Cabrera presentó su Informe. En éste indicó que el licenciado Vargas Cintrón incumplió con la Ley Notarial y su Reglamento al autorizar instrumentos públicos en los que no se tomó la firma de los otorgantes dentro del mismo día natural del otorgamiento. También violó las disposiciones legales al expedir copia certificada de instrumentos públicos que adolecían del requisito de las firmas y de las iniciales requeridas por ley.

En vista de lo anterior, la Directora recomendó que (i) se instruyera al señor Delgado Candelas a que dilucide su solicitud de remedios económicos contra el notario a través del procedimiento pertinente en el foro adecuado; (ii) se ordene al señor Delgado Candelas y al licenciado Vargas Cintrón mantener informado al tribunal sobre el estado de dichos procedimientos, si éstos se radican y (iii) que se imponga al licenciado Vargas Cintrón las medidas disciplinarias que estime pertinentes en derecho por la violación a los Arts. 16, 28 y 34 de la Ley de Notarial.

Mediante resolución de 26 de junio de 2000, este Tribunal le concedió un término al licenciado Vargas Cintrón para que expusiera su posición sobre el Informe de la Directora.

---

[1] El Sr. Rafael Delgado Candelas alegó que su compañía contrató al Lcdo. Roberto Vargas Cintrón como notario para otorgar escrituras de hipotecas, traspaso de dominio, pagarés, contrato de prenda **y la presentación en el Registro de la Propiedad de las escrituras otorgadas.**

Luego de varias prórrogas el licenciado compareció el 28 de noviembre de 2000 mediante "Moción en Cumplimiento de Orden".

En cuanto a la primera y segunda recomendación del Informe de la Directora, el licenciado Vargas Cintrón nos indicó que el Popular Finance presentó en su contra una reclamación en daños y perjuicios en el Tribunal de Primera Instancia, Sala Superior de Ponce, en el Caso Civil Núm. JAC2000-0723 (601). Señaló que actualmente el caso está en la etapa de descubrimiento de prueba y que cada noventa (90) días radicará una moción informativa señalando la etapa procesal en la cual éste se encuentra.

Pasemos ahora a considerar las posibles violaciones a los Arts. 16, 28 y 34 de la Ley Notarial de 1987.

II

Respecto a la ausencia de firmas e iniciales en la otorgación de documentos públicos, el Art. 16 de la Ley Notarial de 1987, según enmendada, L.P.R.A. sec. 2034 dispone que "[l]os otorgantes y los testigos firmarán la escritura y además estamparán las letras iniciales de su nombre y apellido o apellidos al margen de cada una de las hojas del instrumento, las cuales rubricará y sellará el notario".

De otra parte, el Art. 28, supra, 4 L.P.R.A. sec. 2046 establece, en lo aquí pertinente, que "[s]i no hubiere testigos, será innecesario que los comparecientes firmen el documento todos juntos en presencia del notario, sino que éste podrá recibir personalmente sus firmas en cualquier tiempo, **dentro del mismo día natural del otorgamiento**".

Finalmente, el Art. 34, supra, 4 L.P.R.A. sec. 2052 dispone, en lo aquí pertinente, que serán nulos aquellos instrumentos en los cuales "no aparezcan las firmas de las partes y testigos cuando deban hacerlo y la firma del notario".

Así pues, para que una escritura pública sea válida debe tener al final del documento la firma de los comparecientes y al margen de cada uno de los folios sus iniciales. Arts. 16 y 34, *supra*. La firma de los otorgantes constituye un requisito esencial de un instrumento público. Sucn. Santos v. Registrador, 108 D.P.R. 831, 837 (1979). Y, corresponde al notario el deber de tomarlas dentro del mismo día natural. In re Torre Olmeda, PC. de 23 de abril de 1998, 98 JTS 60. **La omisión de tomar la firma e iniciales no sólo es una falta notarial grave y una violación a la fe pública de que**

**están investidos los notarios, sino que además es causa de nulidad del instrumento público.**[2] Véase Art. 34, *supra*. Véase <u>In re Moreira Avillán</u>, PC. de 13 de noviembre de 1998, 99 JTS 12, pág. 563.[3]

A tenor con lo antes esbozado, es forzoso concluir que es nulo un instrumento público en el cual los comparecientes no han firmado dentro del mismo día natural. El hecho de que se suplan las firmas omitidas con posterioridad al plazo provisto por ley, no subsana la falta, sólo pone de manifiesto la ineficacia del documento autorizado.

Por otro lado, expedir copias certificadas de instrumentos públicos que adolecen de las firmas y de las iniciales requeridas o en los que estos requisitos fueron suplidos con posterioridad al día natural fijado para el acto de otorgación y autorización viola, no sólo los ya mencionados artículos de la Ley Notarial, sino también los Cánones 35 y 38 del Código de Ética, 4 L.P.R.A. Ap. IX, los cuales exigen de todo abogado la sinceridad y honestidad y le imponen el deber de preservar el honor y dignidad de la profesión.

Además, el que el licenciado Vargas Cintrón aceptara en muchas ocasiones el no tomar las firmas dentro del término que exige la Ley Notarial, atenta no sólo contra la ética profesional respecto al cumplimiento de las formalidades del instrumento público, sino también al deber de imparcialidad hacia las partes interesadas en la transacción.

Finalmente, debemos señalar que en su Moción en Cumplimiento de Orden, el licenciado Vargas Cintrón reconoció y aceptó ante nos las faltas señaladas por el Informe de Directora y manifestó estar arrepentido de sus actuaciones. Éste entiende que una sanción adecuada lo es el que se le prive indefinidamente del ejercicio de la notaría.

Por los fundamentos antes expuestos, se suspende al Lcdo. Roberto Vargas Cintrón de forma inmediata y permanente de la práctica de la notaría.

---

[2] Hay que distinguir el caso de autos de lo resuelto en *In re* <u>González Maldonado</u>, res. el 20 de diciembre de 2000, 2000 J.T.S. 203, págs. 621-622. En el caso antes mencionado, expresamos que la falta de **iniciales** es causa de anulabilidad. En el caso de autos la omisión es causa de nulidad porque no se tomó la **firma.**

Se ordena al Alguacil de este Tribunal que se incaute del sello y obra notarial, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Además, se le impone al licenciado Vargas Cintrón el deber de notificar a todos sus clientes de su presente inhabilidad como notario, les devuelva cualquiera honorarios recibidos por trabajos no realizados. Finalmente, deberá certificarnos en treinta (30) días el cumplimiento de estos deberes.

Se dictará la correspondiente sentencia.

---

3   *In re* Moreira Avillán, *supra*, se resolvió bajo la antigua Ley Notarial.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Roberto Vargas Cintrón                    AB-1999-76

SENTENCIA

San Juan, Puerto Rico, a 5 de marzo de 2001

Por todo lo expuesto en la Per Curiam que antecede, la cual es parte integral de la presente, se suspende al Lcdo. Roberto Vargas Cintrón de forma inmediata y permanente de la práctica de la notaría. Se ordena al Alguacil de este Tribunal que se incaute del sello y obra notarial, debiendo entregar la misma a la Directora de Notarías para la correspondiente investigación e informe.

El Tribunal, además, le impone al Lcdo. Vargas Cintrón el deber de notificar a todos sus clientes de su presente inhabilidad como notario y le ordena devolver cualesquiera honorarios recibidos por trabajos no realizados. Deberá certificarnos en treinta (30) días, contados a partir de la notificación de esta Sentencia, el cumplimiento de estos deberes.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo