Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES

| | | |
|---|---|---|
| HARRY GONZÁLEZ MONTAÑEZ<br><br>Apelante<br><br>v.<br><br>LINKA MATOS RIVERA<br><br>Apelada | KLAN202400629 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.:<br>SJ2023CV05992 (1003)<br><br>Sobre:<br>Liquidación de Comunidad de Bienes |

Panel especial integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de septiembre de 2024.

Comparece el señor Harry González Montañez (señor González Montañez o apelante) vía recurso de apelación y solicita que revoquemos la *Resolución* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 29 de mayo de 2024. En dicho dictamen, se confirmó la *Sentencia* emitida por el foro primario, en la cual se mantuvo la validez de una escritura pública de divorcio por consentimiento mutuo. Por los fundamentos que expondremos, confirmamos la *Resolución* recurrida.

El caso de epígrafe trata de una demanda sobre impugnación de escritura de divorcio en contra de la señora Linka Matos Rivera (señora Matos Rivera o apelada). Según el expediente, el apelante y la apelada contrajeron matrimonio bajo el régimen de la Sociedad Legal de Gananciales en 1999 y procrearon una hija en común, actualmente menor de edad. Luego de alrededor de veinte (20) años de casados,

ambos acordaron disolver el enlace matrimonial, por lo cual se otorgó ante un notario público la Escritura Núm. treinta y siete (37) de *Divorcio por la causal de consentimiento mutuo* (Escritura). En lo pertinente, la Escritura consigna (1) que los cónyuges le presentaron al notario autorizante el documento original de *Estipulación y Acuerdos sobre Divorcio por Consentimiento Mutuo* (Estipulación), el cual fue suscrito y juramentado por los otorgantes antes de la Escritura; y (2) que cada otorgante declaró haber sido representado y orientado por un abogado, por lo cual la Estipulación fue preparada conforme a sus manifestaciones y deseos. En el mismo documento se consignan detalles sobre la custodia compartida de la hija menor de edad, además de los alimentos, las relaciones filiales y otros asuntos, tales acompañados por las respectivas advertencias legales y notariales. Sin embargo, la Escritura no incluye detalles sobre lo acordado de la división de bienes, aunque sí las advertencias requeridas sobre el mismo.

Un (1) año después de otorgarse la referida Escritura, la señora Matos Rivera, en representación de su hija, presentó una demanda en contra el señor González Montañez por la custodia exclusiva de la menor y por el pago de la deuda alimentaria, la cual en ese momento ascendía a cerca de veintiséis mil ($26,000.00) dólares. Ante una *Resolución y Orden* del foro primario de que este carecía de jurisdicción por este no haber emitido orden sobre la pensión alimentaria acordada extrajudicialmente, la señora Matos Rivera acudió ante el Tribunal de Apelaciones. Este foro eventualmente determinó que por estar involucrado un proceso de ejecución de una pensión alimenticia extrajudicial de una menor de edad y el incumplimiento de este, el foro

primario tiene jurisdicción y competencia sobre la controversia, más que están autorizados a ordenar la presentación de la Estipulación y así continuar con los procedimientos. En consecuencia, el foro primario eventualmente emitió una *Resolución* en la cual ordenó al apelante pagar la pensión alimentaria basado en un plan de pago.

No obstante, el apelante presentó una demanda separada, ante un juez distinto, contra la señora Matos Rivera y solicitó que se decretara la nulidad de la Escritura o, en la alternativa, se decretara ineficaz cualquier disposición referente a la liquidación de bienes gananciales. El señor González Montañez argumentó que la referida Escritura debía estar acompañada del documento separado de la Estipulación. Además, adujo que dicho documento debía estar juramentado y preparado por los respectivos abogados de las partes, quienes los asesorarían sobre los derechos que les asistían, requisito que sin embargo se incumplió. Igualmente señaló que el notario estaba impedido de otorgar la Escritura sin la existencia de dicho documento y añadió, a su vez, que este faltó a su deber al no hacer las advertencias legales que requiere el Artículo 97 del Código Civil de 1930, 31 LPRA ant. sec. 331 y la *Ley Notarial de Puerto Rico*, Ley Núm. 75 de 2 de julio de 1987 (4 LPRA sec. 2001 *et seq.*).

Posteriormente, la señora Matos Rivera presentó una *Moción Informativa* en la cual adujo haber obtenido copia simple de la Escritura en controversia del Archivo Notarial de San Juan, ya que el notario autorizante falleció. Según ella, el documento adquirido es copia del Escrito original que aparece en el protocolo del referido notario y que tal carece de anejos. Además, en una declaración jurada, la señora Matos Rivera explicó que ninguna de las partes, al acordar divorciarse

ante un notario, requirió obtener asesoramiento legal individual y que le indicaron al referido notario los acuerdos voluntarios a los que la pareja había llegado.

Luego de varios trámites procesales—que incluyeron una solicitud de sentencia sumaria del apelante y las respectivas respuestas de la apelada—el foro primario desestimó la demanda por (1) ambas partes haber estampado sus firmas en la Escritura; (2) las advertencias haber sido suficientes para que las partes tuvieran la oportunidad de ser asesorados legalmente; (3) no haber sido oportuno que el apelante alegara la nulidad de la Escritura a los cuatro (4) años de haberse otorgado esta; y (4) la controversia involucrar una menor de edad y la necesidad de considerar el bienestar de esta, más que el incumplimiento de forma no afecta el contenido de la Escritura.

Insatisfecho, el apelante recurre ante este Tribunal y alega que el foro primario erró (1) al desestimar la demanda a pesar de que la Escritura adolecía de defectos materiales que la hacen nula; y (2) al no tomar por ciertas todas las alegaciones bien hechas por el apelante e interpretarlas de la manera más favorable a dicho apelante.

En oposición, la apelada argumenta que el foro primario actuó correctamente ya que (1) los documentos—la Escritura y una moción donde se adujo que la copia del Archivo General carecía de anejos—presentados como evidencia son insuficientes para impugnar la fe pública notarial y la presunción de legalidad, veracidad y legitimidad de la misma; (2) la Escritura carecer de las estipulaciones como documento separado no constituye razón bajo ley para declarar la Escritura nulo o anulable; (3) el consentimiento de las partes a disolver su matrimonio mediante la Escritura es suficiente bajo los preceptos del

Código Civil de 1930; (4) de estar insatisfecho con la omisión de anejar la Estipulación al Escrito, el apelante debió presentar una acción civil o una queja disciplinaria contra el notario; (5) el señor González Montañez supuestamente trata de cuestionar la validez de la Escritura para evitar ser hallado incurso en desacato por incumplimiento de una deuda alimentaria; (6) el apelante no cuestionó en ocasiones previas la validez de la Escritura; y (7) el foro apelativo, en su *Sentencia* previa, tampoco dudó de la validez de la Escritura, concierne el acuerdo de la pensión alimentaria de la menor de edad.

Vale recordar que el mecanismo procesal de la sentencia sumaria se rige por la Regla 36 de *Procedimiento Civil* y tiene como finalidad la solución justa, rápida y económica de litigios civiles que no contengan controversias genuinas de hechos materiales. Véase Regla 36 de Procedimiento Civil de 2009 (32 LPRA Ap. V); *González Meléndez v. Municipio. Autónomo de San Juan et al.*, 2023 TSPR 95 (citando a *Segarra Rivera v. Int'l. Shipping et al.,* 208 DPR 964 (2022)). Así, la Regla 36.2 permite que cualquiera de las partes pueda solicitar que se dicte sentencia sumaria sobre la totalidad o sobre cualquier parte de una reclamación. Regla 36.2 de Procedimiento Civil, *supra*. Véase, también, *Torres Pagán v. Municipio Autónomo de Ponce,* 191 DPR 583 (2014). A su vez, se ha establecido que el peticionario debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, es decir, suficiente para que sea necesario dirimirlo en un juicio plenario. Regla 36.1 de Procedimiento Civil, *supra*; *Oriental Bank v. Caballero García*, 212 DPR 671 (2023) (citando a *Municipio de Añasco v. ASES et al.*, 188 DPR 307 (2013)). Véase, también, *Ramos Pérez v. Univisión,* 178 DPR 200 (2010).

Asimismo, la Regla 36 regula la oposición a que se dicte sentencia sumaria, la cual debe citar específicamente los párrafos enumerados que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. Regla 36.3(b)(2) de Procedimiento Civil de 2009, *supra*. Como se puede apreciar, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones. *Roldán Flores v. M. Cuebas, Inc. et al*., 199 DPR 664 (2018). En la medida en que meras afirmaciones no bastan para derrotar una solicitud de sentencia sumaria, la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados. Íd.; *Ramos Pérez v. Univisión*, *supra*.

En cuanto al estándar de revisión aplicable, el Tribunal de Apelaciones utilizará los mismos criterios que el foro de primera instancia al determinar la correspondencia de la sentencia sumaria, aunque limitado a considerar aquellos documentos presentados en el foro primario y obligado a cumplir con la Regla 36.4 de *Procedimiento Civil*. Regla 36.4 de Procedimiento Civil, *supra*. Debemos, por tanto, examinar *de novo* el expediente y verificar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma; luego, revisar si en realidad existen hechos materiales en controversia y, de encontrar que los hechos materiales realmente están incontrovertidos, revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015).

Ahora bien, las escrituras públicas caen bajo las facultades del notario, quien es custodio de la fe pública notarial. *In re Vélez Torres*, 209 DPR 848 (2022) (citando a *In re Pagani Padró*, 198 DPR 812 (2017)). En consecuencia, un documento notarial se presume eficaz cuando el notario da fe, asegura que este cumple con todas las formalidades de ley y confirma que el mismo trata de una transacción válida y legítima. Íd. (citando a *In re Villalona Viera*, 206 DPR 360 (2021); *In re Pagani Padró*, *supra*).

Claro, toda escritura pública, para tener eficacia, debe incluir al final del documento la firma de los comparecientes, más sus iniciales al margen de cada folio. *In re Vargas Velázquez*, 193 DPR 681 (2015) (citando a *In re Vargas Cintrón*, 153 DPR 520 (2001)). Véase, también, Art. 16 de la Ley Núm. 75 de 2 de julio de 1987 (4 LPRA sec. 2034); Regla 34 del Reglamento Notarial (4 LPRA Ap. XXIV). Tales firmas constituyen un requisito esencial, ya que estas demuestran la aprobación de los firmantes del texto y por cuya omisión sería una transgresión notarial grave de la fe pública. *In re Alomar Santiago*, 211 DPR 265 (2023) (citando a *In re Fontánez Fontánez*, 181 DPR 407 (2011); *In re Nieves Nieves*, 171 DPR 843 (2007); *In re González Maldonado*, 152 DPR 871 (2000)). Véase, también, *In re Vargas Velázquez*, *supra* (citando a *Sucn. Santos v. Registrador*, 108 DPR 831 (1979)).

Por otro lado, cualquier disolución matrimonial mediante mutuo consentimiento entre cónyuges podrá formalizarse a través de una escritura pública otorgada ante un notario. Art. 97 del Código Civil de

1930, *supra*.[1] Para permitirse tal divorcio, el Código Civil de 1930 y la *Ley Notarial de Puerto Rico* disponen que el notario deberá consignar en la escritura pública que la decisión de solicitar conjuntamente la disolución del vínculo matrimonial es voluntaria, reflexionada y libre de toda coacción. Íd.; Art. 15 de la Ley Núm. 75 de 2 de julio de 1987 (4 LPRA sec. 2033). Además, los divorcios por consentimiento mutuo ante notario deben incluir las estipulaciones correspondientes a la división de los bienes, el sustento de las partes y otras consecuencias del divorcio, tales como los alimentos de los hijos menores. *Díaz Rodríguez v. García Neris*, 208 DPR 706 (2022) (citando a *Igaravidez v. Ricci*, 147 DPR 1 (1998); *Negrón Rivera y Bonilla, Ex parte*, 120 DPR 61 (1987); *Figueroa Ferrer v. ELA*, 107 DPR 250 (1978)). Estas estipulaciones deben ser denominadas como "Estipulación y Acuerdos sobre Divorcio por Consentimiento Mutuo" y formarán parte de la escritura de divorcio. Art. 97 del Código Civil de 1930, *supra*. Véase, también, Instrucción General Núm. 38(B)(3)(vi) de la Instrucciones Generales a los Notarios y Notarias, Oficina de Inspección de Notarías.

Cuando menores de edad estén involucrados, las estipulaciones podrán establecer los términos y las condiciones sobre la custodia, patria potestad, alimentos, relaciones filiales y hogar seguro, todo por lo cual será preparado por los representantes legales de las partes. Art. 15 de la Ley Núm. 75, *supra*. Estos representantes legales deberán, sin embargo, hacer constar en el escrito de las estipulaciones que su cliente fue debidamente informado de los derechos que le asisten y, de existir cualquier inconformidad con lo acordado, podrá acudir a los tribunales

---

[1] Por razón de la escritura pública en controversia haberse otorgado en el 2019, se utilizará el Código Civil del 1930 para fundamentar nuestros criterios.

mediante la vía ordinaria civil. *Íd.* Más aun, los acuerdos de alimentos, a diferencia de otras estipulaciones, nunca constituyen cosa juzgada y están sujetos a revisión. *Díaz Rodríguez v. García Neris*, *supra* (citando a *Pesquera Fuentes v. Colon Molina*, 202 DPR 93 (2019); *McConnell v. Palau*, *supra*).

Igualmente, de existir insatisfacción con lo estipulado sobre la división o liquidación de los bienes, cualquier causa de acción concierne a este tema también podrá dilucidarse ante los tribunales, ya que los divorcios no contenciosos no necesariamente prohíben a las partes ejercer acciones verdaderas. *Náter Cardona v. Ramos Muñiz*, 162 DPR 616 (2004) (citando a J.L. Lacruz Berdejo, *Matrimonio y divorcio: comentarios al nuevo Título IV del Libro Primero del Código Civil*, Madrid, Ed. Civitas, 1982, págs. 1045).

A la luz de lo anterior, nuestro ordenamiento dispone que los instrumentos públicos—cuales incluyen las escrituras públicas—serán nulas si (1) contienen alguna disposición a favor del notario autorizante; (2) se presentan testigos que son parientes de las partes o del notario autorizante dentro del cuarto grado de consanguinidad o el segundo grado de afinidad; o (3) no aparezcan las firmas de las partes, testigos y el notario autorizante. Art. 34 de la Ley Núm. 75 de 2 de julio de 1987 (4 LPRA sec. 2052). Por otra parte, serán anulables los instrumentos públicos en las cuales (1) el notario autorizante no de fe del conocimiento de los otorgantes o no supla la diligencia correspondiente; y (2) el referido notario no hubiera adherido los sellos correspondientes. *Íd.*, secs. 2021, 2053.

Por último, y en consideración a lo dispuesto en la *Ley Notarial de Puerto Rico*, nuestro ordenamiento no establece causas de nulidad o

anulabilidad por analogía en situaciones que involucren documentos notariales, es decir, estas causas no podrán extenderse más allá de los términos legislativos precisos. *Mojica Sandoz v. Bayamón Federal Savs.*, 117 DPR 110 (1986) (citando a *In re Cancio Sifre*, 106 DPR 386 (1977)). Por tanto, del notario autorizante incumplir con alguna obligación impuesta por la ley, su inobservancia no necesariamente conlleva la nulidad o anulabilidad del documento otorgado. Véase E. Martínez Moya, *Derecho Registral Inmobiliario y Derecho de Sucesiones*, 72 Rev. Jur. UPR 441 (2003).

En este caso, el Tribunal de Primera Instancia actuó correctamente al mantener la validez de la Escritura. Tal como se ve en el expediente, la Escritura en controversia fue firmada e iniciada por el apelante y la apelada, así demostrando su aprobación de lo descrito en el documento. Además, del apelante estar en desacuerdo con lo estipulado sobre la hija menor de edad o la división de bienes, este puede recurrir a los tribunales por la vía ordinaria para articular y fundamentar su posición jurídica de conformidad con su interpretación de las circunstancias del caso. Por último, nuestras leyes no incluyen la omisión de anejar las estipulaciones al documento principal como razón para declarar la nulidad o anulabilidad de una escritura pública. Por tanto, al amparo de nuestro ordenamiento, no encontramos razón por la cual debemos determinar la invalidez de la Escritura en controversia. Por el contrario, acogemos la determinación de hecho y derecho subyacente al razonamiento del Tribunal apelado.

Por los fundamentos expresados, confirmamos la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Álvarez Esnard concurre, sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones